IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JEFFREY PHILLIPS, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 17-1719-LPS |
| ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

# MEMORANDUM

In 2015, Petitioner Jeffrey Phillips was convicted of first degree murder, manslaughter, gang participation, first degree conspiracy, possession of a firearm during the commission of a felony, second degree assault, first degree reckless endangering, and disorderly conduct. *See Phillips v. State*, 154 A.3d 1146 (Del. Jan. 17, 2017). The Delaware Supreme Court affirmed his convictions on January 17, 2017. *See id.* at 1161.

Presently pending before the Court is Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) The Petition asserts three grounds for relief challenging Petitioner's 2015 convictions, one of which alleges ineffective assistance of counsel. (D.I. 1 at 4-5) After filing his Petition, Petitioner filed a letter Motion to Stay the proceeding because he is pursuing post-conviction relief in the Delaware state courts. (D.I. 3)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a

procedural manner permitting the state courts to consider them on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner convicted in Delaware properly exhausts state remedies for an ineffective assistance of counsel claim by presenting it to the Delaware state courts in a Rule 61 proceeding. *See Guy v. State*, 82 A.3d 710, 715 (Del. Nov. 27, 2013) (claim alleging ineffective assistance of trial counsel may not be raised on direct appeal). According to his Motion to Stay, Petitioner filed a Rule 61 motion in the Delaware Superior Court sometime after filing the instant Petition. Given these circumstances, the Court concludes that Petitioner has not yet exhausted state remedies for all of his federal habeas claims.[1]

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition (D.I. 1) without prejudice, and dismiss his Motion to Stay (D.I. 3) as moot. The Court will also decline to issue a certificate of appealability because petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: March 26, 2018

UNITED STATES DISTRICT JUDGE

---

[1] Habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within a one-year limitations period. Petitioner is responsible for determining the events that trigger and toll the limitations period.

2